Mathew K. Higbee (SBN # 11133 )
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com

*Counsel for Plaintiff,*
ROBERT MILLER

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| ROBERT MILLER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KARMAHOLIC MEDIA, LLC; and DOES 1 through 10 inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-00780-TC<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Robert Miller ("Miller" or "Plaintiff"), for his complaint against Karmaholic Media, LLC ("KM" or "Defendant"), and DOES 1 through 10, inclusive (collectively "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1.　This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

1

101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within the State of Utah, Defendant's acts of infringement complained of herein occurred in the State of Utah, and Defendant has committed the tortious act of infringement causing injury to Plaintiff within the state of Utah.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established business in this judicial district.

**PARTIES**

5. Plaintiff Robert Miller ("Plaintiff" or "Miller") is a professional photographer by trade residing in the City of New York in the State of New York.

6. Defendant Karmaholic Media, LLC ("Defendant") is a Utah Limited Liability Company headquartered in Salt Lake City, Utah. A true and correct screenshot of the Utah Business Search Entity Details report is attached hereto as Exhibit A.

7. On information and belief, Defendant owns and operates various websites.

8. Specifically, Defendant owns and operates the websites: blackswanalert.com, marketarmor.com, and bestchartnow.com (the "Websites"). True and correct screenshots for the Websites' respective "Terms of Use" pages are attached hereto as Exhibit B as proof of ownership.

9. On information and belief, Defendant leverages its Websites to sell advertising by monetizing website views.

10. On information and belief, the Website monetizes views by directing web traffic to its partner sites.

11. The homepage for blackswanalert.com states: "This page contains links to products not offered by BLACKSWANALERT.COM. In exchange for listing these links, we are likely to receive commission for purchases made through these links." A true and correct copy of the homepage of blackswanalert.com is attached hereto as Exhibit C.

12. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as

herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

13. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

14. Plaintiff Robert Miller is a professional photographer by trade. Miller has licensed or sold his photographs to dozens of major media outlets such as The New York Post, The New York Times, ABC News, Rolling Stone Magazine, South China Morning Post, Agence France-Presse, Newsday, New York Daily News, Newsweek Magazine, People Magazine, The Associated Press, and USA Today.

15. Miller is the sole author and exclusive rights holder to a photograph of an Unused Retail Space in Manhattan ("Manhattan Retail Image"). A true and correct copy of the original Manhattan Retail Image is attached hereto as Exhibit D.

16. Miller registered the Manhattan Retail Image with the United States

4

Copyright Office under registration number VA 2-109-223 on June 26, 2018. A true and correct copy of the registration certificate from the Library of Congress Public Catalog is attached hereto as Exhibit E.

17. The Manhattan Retail Image originally appeared in an article featured by the New York Post ("Post") titled '*The world's hottest shopping city is becoming a ghost town*' ("Post Article"). This article was published on April 7, 2018. A true and correct copy of the Post Article is attached hereto as Exhibit F.

18. The Post Article included a credit below the bottom left corner attributing the image to Miller.

19. On or about April 12, 2018, Miller discovered that Defendant had used the Manhattan Retail Image in an April 7, 2018 article on its Website titled *Retail real estate bubble turns Manhattan into a shopping* (the "First Infringing Article"). A true and correct screenshot of the First Infringing Article is attached hereto as Exhibit G.

20. The First Infringing Article had a page web address of https://marketarmor.com/2018/04/07/retail-real-estate-bubble-turns-manhattan-into-a-shopping-wasteland/ and an image web address of https://marketarmor.com/wp-content/uploads/2018/04/su_0.png.

21. The First Infringing Article provided no credit to Miller for the Image.

22. On or about April 13, 2018, Miller discovered that Defendant had used the Manhattan Retail Image in an April 7, 2018 article on its Website titled *Retail real estate bubble turns Manhattan into a shopping* (the "Second Infringing Article"). A true and correct screenshot of the Second Infringing Article is attached hereto as Exhibit H.

23. The Second Infringing Article had a page web address of https://bestchartnow.com/2018/04/07/retail-real-estate-bubble-turns-manhattan-into-a-shopping-wasteland/ and an image web address of https://bestchartnow.com/wp-content/uploads/2018/04/su_0.png.

24. The Second Infringing Article provided no credit to Miller for the Image.

25. On or about April 13, 2018, Miller discovered that Defendant had used the Manhattan Retail Image Image in an April 7, 2018 article on its Website titled *Retail real estate bubble turns Manhattan into a shopping* (the "Third Infringing Article"). A true and correct screenshot of the Third Infringing Article is attached hereto as Exhibit I.

26. The Third Infringing Article had a page web address of https://blackswanalert.com/2018/04/07/retail-real-estate-bubble-turns-manhattan-into-a-shopping-wasteland/ and an image web address of https://blackswanalert.com/wp-content/uploads/2018/04/su_0.png.

27. The Third Infringing Article provided no credit to Miller for the Image.

28. On information and belief, Defendant made the unauthorized copy of Miller's Image by taking the image in each circumstance from the Post Article.

29. Plaintiff never authorized Defendant to use the Manhattan Retail Image in any manner.

30. On information and belief, Defendant knew that they did not have permission to use the Manhattan Retail Image on Defendant's Websites and willfully infringed Miller's Manhattan Retail Image.

31. All together, Plaintiff is aware of Defendant infringing the photograph three times on different websites on the day of initial publication by the Post.

32. As infringing on a photograph, especially on the day of first publication, is very serious, counsel for Plaintiff attempted to resolve this matter by contacting Defendant.

33. In April 2018, Plaintiff's counsel contacted Defendant to alert Defendant to the issue in this complaint.

34. In May of 218, attorney for Defendant contacted counsel for Plaintiff via email.

35. Both parties had extended discussions and agreed upon an amicable

resolution.

36.     However, the Defendant has failed to follow through on an amicable agreement which was reached, and so Plaintiff has been forced to file a complaint for copyright infringement.

37.     The agreement reached would provide a limited license to Defendant for payment of a disclosed sum of money.

38.     However, no license whatsoever was provided to Defendant as the money was never paid.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Manhattan Retail Image.

41.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Manhattain Retail Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Articles on

Defendant's Websites three separate times.

42. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c), for each violation.

43. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

44. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. On information and belief, Defendant knew that Plaintiff created the Manhattan Retail Image because, *inter alia*, the source of the Manhattan Retail Image, i.e. the Post Article, specifically attributed the Image to Plaintiff.

47. Defendant intentionally falsified copyright management information related to the Manhattan Retail Image three different times with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the

9

Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the Image or had legitimately licensed it for use in the Infringing Articles.

48. Defendant's conduct constitutes 3 violations of 17 U.S.C. § 1202(a), and 1202(b).

49. Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

50. Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

51. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

52. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), or, alternatively at Plaintiff's election, for actual damages and disgorgement of profits, under 17 U.S.C. §504(a)(1);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendants according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: November 3, 2020                                      Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
SBN #11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Robert Miller, hereby demands a trial by jury in the above matter.

Dated: November 3, 2020					Respectfully submitted,

						**/s/ Mathew K. Higbee**
						Mathew K. Higbee, Esq.
						SBN #11133
						**HIGBEE & ASSOCIATES**
						1504 Brookhollow Dr., Ste 112
						Santa Ana, CA 92705-5418
						(714) 617-8350
						(714) 597-6729 facsimile
						*Counsel for Plaintiff*